McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BOARD OF TRUSTEES OF THE U.A. LOCAL 350 HEALTH, WELFARE, AND VACATION TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 RETIREE HEALTH AND WELFARE PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 DEFINED CONTRIBUTION AND 401(k) PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 JOINT APPRENTICESHIP TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN NEVADA PLUMBERS & PIPEFITTERS VARIABLE DEFINED BENEFIT PLAN, | Case No. 3:25-cv-00636-ART-CSD |
| Plaintiffs, | **ORDER GRANTING** |
| v. | **STIPULATION TO STAY PROCEEDINGS** |
| HIGH DESERT PLUMBING L.L.C., d/b/a JOHNSON PLUMBING, a Nevada limited liability company; JOSEPH AMOS, an individual; DOES 1-10, inclusive; ROE ENTITIES I-X, inclusive, | |
| Defendants. | |

**STIPULATION AND [PROPOSED] ORDER TO STAY PROCEEDINGS**

Plaintiffs and Defendants (collectively, the "Parties"), by and through their counsel of record, and for Plaintiffs' Complaint against Defendants, respectfully submit this stipulation to stay all proceedings in this case, hold all deadlines in abeyance, and administratively close it. The parties have reached a settlement of this matter. *See* **Exhibit A** (First Amendment to Settlement Agreement). Defendants have waived service, *see* ECF Nos. 7, 8, but have not yet filed a responsive pleading or motion. However, Defendants have recently appeared. The Parties

4933-2713-9726.4

respectfully stipulate and request that the Court stay proceedings in this matter unless and until Defendants breach their obligations under the First Amendment to Settlement Agreement.

The Parties thus jointly propose to the Court that the most judicially efficient approach here is to stay and administratively close this case by signing the proposed order at the end of this document, which requires Plaintiffs to file a motion ending the proposed administrative closure depending on whether Defendants comply with the First Amendment to Settlement Agreement.

The specific reasons for the requested stay are:

1. On May 18, 2023, Plaintiffs and Defendants entered into that certain Settlement Agreement, Release, and Payment Plan ("Settlement Agreement"), along with associated and related documents, including a personal guaranty from Defendant Joseph Amos. The Settlement Agreement resolved a prior case brought by Plaintiffs against Defendant Johnson Plumbing and others related to Johnson Plumbing's failure to pay fringe benefit contributions to Plaintiffs, which was docketed as Case No. 3:22-cv-00553 and dismissed without prejudice upon the parties' entering the Settlement Agreement.

2. Johnson Plumbing and Mr. Amos defaulted under the Settlement Agreement and failed to cure after being provided written notice and a five-business day period to cure.

3. Plaintiffs accordingly filed this action for breach of the Settlement Agreement and enforcement of the same, including the agreed upon Stipulated Judgment by Confession, as well as to enforce Johnson Plumbing's recent breaches of governing collective bargaining agreements and related trust agreements by failing to timely pay fringe benefit contributions for recent working hours.

4. After Plaintiffs filed this action, Plaintiffs and Defendants entered into the First Amendment to Settlement Agreement, again attached as **Exhibit A**.

5. The First Amendment to Settlement Agreement provides in pertinent part:

**Stay of Pending Litigation**. After full execution of this First Amendment, the Trust Funds are willing to seek a stay of the Pending Litigation pending Defendants' full compliance with the terms and conditions of the Settlement Agreement and this First Amendment, subject to Court approval of such stay. In the event the Court grants a stay, and Defendants fully comply with the Settlement Agreement and this First Amendment, the Trust Funds will dismiss the Pending Litigation. In the event the Court grants a stay, and Defendants do not fully comply with the Settlement Agreement and this First Amendment, the Trust

Funds will seek to lift the stay and may pursue any and all rights and remedies, including, but not limited to, filing the Stipulated Confession of Judgment and seeking an expedited hearing on the merits.

*Id.* at 4.

6.    The Parties subsequently executed the First Amendment to Settlement Agreement, *see id.* at 5, and stipulated to requesting the Court stay and administratively close this case pending Defendants' full compliance with the First Amendment to Settlement Agreement and the Settlement Agreement itself.

7.    Accordingly, the Parties request that the Court stay all proceedings in this case, with all deadlines held in abeyance, pending Defendants' full compliance with the First Amendment to Settlement Agreement.

8.    The Parties believe that engaging in potentially adversarial and burdensome litigation while this dispute has already been resolved pending full compliance is not a productive use of resources for the Parties or the Court. Plaintiffs will a motion for voluntary dismissal under Fed. R. Civ. P. 42(a) with this Court within 10 days of Defendants' full compliance with the First Amendment to Settlement Agreement. Alternatively, if the Court grants the stay but Defendants do not fully comply with the First Amendment to Settlement Agreement, Plaintiffs will file a motion to lift the stay within a reasonable time of Defendants' breach. Any motion to lift the stay filed by Plaintiffs will also propose next steps in this action.

9.    Because this case remains at its earliest stages, and because no case schedule has yet been set, the requested stay will not prejudice the Parties or the Court. A proposed order follows below in compliance with LR IA 6-2.

10.    It is so stipulated.

Dated: March 11, 2026.

McDONALD CARANO LLP

By: */s/ Philip M. Mannelly*
Philip M. Mannelly (NSBN 14236)
Katrina E. Weil (NSBN 16152)
Cassin T. Brown (NSBN 15877)
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
*Attorneys for Plaintiffs*

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

3

SIERRA CREST BUSINESS LAW GROUP

By: */s/ Jerry C. Carter*
      Jerry C. Carter (NSBN 5905)
      6770 S. McCarran Blvd., 1st Floor
      Reno, NV 89509
      Phone: (775) 448-6070
      Fax: (775) 473-8292
      Email: jcarter@sierracrestlaw.com

*Attorney for Defendants*

IT IS SO ORDERED.

It is specifically ordered that all proceedings in this matter are stayed and all deadlines are held in abeyance.

It is further ordered that Plaintiffs must file a motion for voluntary dismissal under Fed. R. Civ. P. 42(a) with this Court within 10 days of Defendants' full compliance with the First Amendment to Settlement Agreement, **Exhibit A** to the Stipulation to Stay Proceedings. Alternatively, if Defendants do not fully comply with the First Amendment to Settlement Agreement, Plaintiffs must file a motion to lift the stay within a reasonable time of Defendants' breach. Any motion to lift the stay filed by Plaintiffs must also propose next steps in this action.

It is further ordered that this stay is entered based on the parties' agreement.

The Clerk of Court is directed to administratively close this case.

DATED:  this 13th day of March, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

4

## INDEX OF EXHIBITS

| EXHIBIT # | DESCRIPTION | NUMBER OF PAGES |
|:---:|---|:---:|
| A | First Amendment to Settlement Agreement | 5 |

# EXHIBIT A

# EXHIBIT A

Docusign Envelope ID: D6831EA5-0FBA-4284-AE6F-15B2BDCABD3A

## FIRST AMENDMENT TO SETTLEMENT AGREEMENT

This First Amendment To Settlement Agreement ("First Amendment") is entered into by and between the BOARD OF TRUSTEES OF THE U.A. LOCAL 350 HEALTH, WELFARE, AND VACATION TRUST FUND; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 RETIREE HEALTH AND WELFARE PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 DEFINED CONTRIBUTION AND 401(k) PLAN; BOARD OF TRUSTEES OF THE U.A. LOCAL 350 JOINT APPRENTICESHIP TRAINING TRUST FUND; BOARD OF TRUSTEES OF THE NORTHERN NEVADA PLUMBERS & PIPEFITTERS VARIABLE DEFINED BENEFIT PLAN (hereinafter "Trust Funds"), and by HIGH DESERT PLUMBING L.L.C., DBA JOHNSON PLUMBING ("Johnson') and JOSEPH AMOS ("Amos") (Johnson and Amos, collectively, "Defendants") (Trust Funds and Defendants, collectively, the "Parties"). This First Amendment is effective as of the date fully executed by all Parties to this First Amendment. All capitalized terms used but not defined herein shall have the meanings given them in the Settlement Agreement, as defined below, unless another meaning is clearly indicated. To the extent any terms contained in this First Amendment are inconsistent with those in the Settlement Agreement, the terms in this First Amendment control. Except as otherwise amended by this First Amendment, the terms of the Settlement Agreement remain valid and effective.

## RECITALS:

WHEREAS, the Parties (and other parties) entered into a Settlement Agreement, Release, and Payment Plan dates May 18, 2023 ("Settlement Agreement).

WHEREAS, the Parties wish to amend certain provisions of the Settlement Agreement on the terms and conditions set forth in this First Amendment.

WHEREAS, Defendants defaulted under the Settlement Agreement and failed cure after within five (5) business days of receipt of written demand by the Trust Funds to cure the breach. On November 6, 2025, the Trust Funds filed a complaint against Defendants in the United States District Court for the District of Nevada, which was docketed as Case 3:25-cv-00636 (the "Pending Litigation"). The Trust Funds have not yet served Defendants with the Summons and Complaint in the Pending Litigation.

WHEREAS, without waiving or limiting any rights or remedies of the Trust Funds, the Parties have negotiated an amendment to the Settlement Agreement to include a revised payment plan and a stay of the Pending Litigation pending successful completion by Defendants of the revised payment plan and compliance with the terms and conditions of the Settlement Agreement and this First Amendment.

NOW THEREFORE, in consideration of the representations and warranties made in this First Amendment and other good and valuable consideration received, the Parties agree that the Recitals are true and correct and by this reference incorporated herein as fully set forth, and the parties further covenant and agree as follows:

Docusign Envelope ID: D6831EA5-0FBA-4284-AE6F-15B2BDCABD3A

A. **Amounts Due**. Paragraph 2 of the Settlement Agreement is replaced with the following:

The Parties agree that JOHNSON will pay a total principal amount of One Hundred Ninety-Four Thousand Nine Hundred Twenty-Eight Dollars and Eighty-One Cents (**$194,928.81**), plus interest at four percent (4%) per annum ("Revised Settlement Amount") under this Agreement, comprised of reduced principal fringe benefit contributions, and attorneys' fees and costs, and shall comply with those additional terms as set forth herein, including those set forth in Paragraph 5. As further indicated in Paragraph 3 below, the TRUST FUNDS have assessed, and JOHNSON agrees that it owes, additional interest on the Revised Settlement Amount and additional liquidated damages, but such additional liquidated damages amounts will be held in abeyance to be waived *only* if JOHNSON timely completes the payment plan as provided for in this Agreement. The TRUST FUNDS agree to accept payment from JOHNSON in accordance with the payment schedule described in further detail below:

a. **Twenty (20) Month Period Monthly Payment Plan.** JOHNSON agrees to pay to TRUST FUNDS every month for twenty (20) consecutive months ("Term"), to be received by the TRUST FUNDS no later that on or before the first Monday after full execution of this Agreement for the first payment, and each of the following payments than made on or before the **first day of every month by 5:00 p.m.**, the amount of Ten Thousand Sixty-Eight Dollars and Sixty-Six Cents ($10,068.66). Payments must be made payable to the "U.A. Local 350 Trust Funds" and received at the following address:

> **U.A. Local 350 Trust Fund Office**
> **Attn: Lisa Stokich**
> **445 Apple Street, Suite 109**
> **Reno, Nevada 89502**

b. **Compliance with This Agreement.** JOHNSON agrees that all sums as indicated in this Agreement are owed to the TRUST FUNDS pursuant to this Agreement. JOHNSON **understands that it is in breach of this Agreement, if JOHNSON is late even for one day on its regular monthly payments or does not make a payment in accordance with the terms and conditions of this Agreement**. Upon breach, JOHNSON will have five (5) business days upon receipt of written demand by the TRUST FUNDS (or its agent or representative, including its/their third-party administrator) to JOHNSON and Guarantor at the address set forth below to cure the breach. If JOHNSON fails to cure the breach, then the liquidated damages as provided for in Paragraph 3(a), all accrued interest as provided for in Paragraph 3(b), and all additional reasonable attorneys' fees, court costs, and auditor costs incurred after the effective date of this Agreement will be added to the then outstanding balance and included in the Stipulated Confession of Judgment as set forth in Paragraph 5. JOHNSON further understands that upon breach and failure to fully cure within such five-day period set forth above, the TRUST FUNDS may immediately proceed with

2

Docusign Envelope ID: D6831EA5-0FBA-4284-AE6F-15B2BDCABD3A

legal action against JOHNSON to recover those amounts and any and all other amounts due and owing under this Agreement or otherwise, including but not limited to filing the Stipulated Confession of Judgment with the court and/or revising the Pending Litigation.

c. **Enforcement.** TRUST FUNDS agree to desist from taking any further legal action to recover the amounts due, except as provided for this Agreement, so long as JOHNSON is not in breach of this Agreement. JOHNSON agrees that if it fails to comply with this Agreement, in addition to any other rights or remedies pursuant to this Agreement, the collective bargaining agreements or trust agreements, at law, in equity, or otherwise, the TRUST FUNDS may file a Stipulated Confession of Judgment as provided in Paragraph 5 of this Agreement. Furthermore, upon breach and failure to cure after receipt of five (5) business day notice from the Trust Funds, all reasonable attorney's fees, court costs and auditor costs incurred after the effective date of this Agreement will be included in the Stipulated Confession of Judgment, and the TRUST FUNDS shall be entitled to recover any and all reasonable costs of enforcement and/or collection of the Stipulated Confession of Judgment or otherwise.

d. **Early Payments.** There is no penalty for early payments. JOHNSON is encouraged to pay the entirety of the Revised Settlement Amount as soon as possible.

B.     **Liquidated Damages and Interest**. Paragraph 3 of the Settlement Agreement is replaced with the following:

a. **Total Liquidated Damages.** JOHNSON agrees that it owes liquidated damages in the amount of One Hundred Thirty One Thousand Six Hundred Sixty-Five Dollars and Fifteen Cents ($131,665.15) (the "Liquidated Damages"); provided, however, the Parties have agreed to include twenty percent (20%) of the Liquidated Damages in the Revised Settlement Amount and to hold the remaining eighty percent (80%) in the amount of One Hundred Five Thousand Three Hundred Thirty-Two Dollars and Twelve Cents ($105,332.12) (the "Additional Liquidated Damages") in abeyance pending full compliance by Defendants with the terms of the Settlement Agreement and First Amendment. The TRUST FUNDS will hold the Additional Liquidated Damages in abeyance for the Term of this Agreement and will agree to waive such amounts, if and only if JOHNSON pays of the entire Revised Settlement Amount within the Term. In the event of a breach by JOHNSON that is not fully cured within the five business day period set forth in Paragraph 2(b) above, TRUST FUNDS shall be entitled to prosecute and seek recovery of all rights and remedies, including the full liquidated damages as set forth above and to include such amounts in the Stipulated Confession of Judgment, plus accrued interest on the outstanding principal.

b. **Interest Accrued During Term of Settlement.** JOHNSON agrees that interest will accrue on the Revised Settlement Amount at the rate of four percent (4%) per annum and included in the payoff of the Revised Settlement Amount. In the event of a default or breach of the Settlement Agreement or this First Amendment by Defendants, the

3

Docusign Envelope ID: D6831EA5-0FBA-4284-AE6F-15B2BDCABD3A

Trust Funds shall be entitled to interest on all unpaid amounts under the Settlement Agreement and/or First Amendment in the amount of twelve percent (12%) per annum.

C.  **Stay of Pending Litigation**. After full execution of this First Amendment, the Trust Funds are willing to seek a stay of the Pending Litigation pending Defendants' full compliance with the terms and conditions of the Settlement Agreement and this First Amendment, subject to Court approval of such stay. In the event the Court grants a stay, and Defendants fully comply with the Settlement Agreement and this First Amendment, the Trust Funds will dismiss the Pending Litigation. In the event the Court grants a stay, and Defendants do not fully comply with the Settlement Agreement and this First Amendment, the Trust Funds will seek to lift the stay and may pursue any and all rights and remedies, including, but not limited to, filing the Stipulated Confession of Judgment and seeking an expedited hearing on the merits.

D.  **Multiple Counterparts**.  This First Amendment may be executed in multiple identical counterparts all of which, when taken together, shall constitute one document.

E.  **Attorneys' Fees**.  If any action or proceeding is commenced to enforce the terms of this First Amendment, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs incurred therein from the non-prevailing party.

F.  **Conflicting Terms; Binding**. The Parties hereto hereby ratify the Settlement Agreement, as amended by this First Amendment, and agree that the Settlement Agreement, as amended by this First Amendment, shall remain enforceable in accordance with its terms. Provisions of the Settlement Agreement which are not modified by this First Amendment shall remain in full force and effect.  To the extent any terms, conditions, and obligations contained in this First Amendment conflict with the terms in the Settlement Agreement, those in this First Amendment shall control.

G.  **No Construction Against Drafter**. Each Party has had the opportunity to review this First Amendment independently with their respective attorney and has participated in the drafting hereof. Any ambiguity shall not be construed against any Party merely because that Party was allegedly the drafter thereof.

H.  **Authority**. Each person executing this First Amendment represents and warrants to each other Party that (i) he/she has the authority to execute this First Amendment. Each Party represents and warrants that it has not voluntarily or involuntarily assigned, transferred, or otherwise hypothecated its interest or obligation in the Settlement Agreement. They each have the ability to fully execute this First Amendment without further consent, consultation, or approval from any other person, entity, or party.

I.  **Integration**. Except as set forth in the Settlement Agreement, this First Amendment contains the Parties' entire agreement relating to the subject matter of this First Amendment and may be modified or amended only by a written instrument executed by all of the Parties.

4

Docusign Envelope ID: D6831EA5-0FBA-4284-AE6F-15B2BDCABD3A

IN WITNESS WHEREOF, the Parties hereto have caused this First Amendment to be executed.

<table>
<tr><td>

**U.A. Local 350 Health, Welfare & Vacation Trust Fund, et al.**

*Signed by:*

*kalani kanekoa*

—458D3873A00D4C5...

By: Kalani Kanekoa
Its: Chair
Date:

*Signed by:*

*Craig Madole*

—521AD666463843E...

By: Craig Madole
Its: Co-Chair
Date:

</td><td>

**High Desert Plumbing L.L.C. dba Johnson Plumbing**

*DocuSigned by:*

*Joseph Amos*

—AB7994499D71495...

By: Joseph Amos
Its: Managing Member
Date:

**Joseph Amos**

*DocuSigned by:*

*Joseph Amos*

—AB7994499D71495...

An Individual
Date:

</td></tr>
</table>

5